**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GINA RUSSOMANNO, <br><br> Plaintiff, <br><br> v. <br><br> SUNOVION PHARMACEUTICALS, *et al.*, <br><br> Defendants. | Civil Action No. 19-5495 (MAS) (DEA) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court upon review of its docket. On January 8, 2024, the Honorable Douglas R. Arpert, U.S.M.J., denied pro se Plaintiff Gina Russomanno's ("Plaintiff") motion to amend the case caption. (*See* Order, ECF No. 103.) In her motion to amend, Plaintiff sought to change the caption of this matter to reflect that Defendant Sunovian Pharmaceuticals, Inc. changed its name to Sumitomo Pharma America, Inc. (ECF Nos. 101, 102.) Judge Arpert denied Plaintiff's request insofar that "this matter is presently closed" and "has been closed since prior to Defendants' name change." (Order 2.) As such, Judge Arpert concluded "there simply is no reason that the case caption should be amended." (*Id.*)

On January 17, 2024, Plaintiff filed an appeal of Judge Arpert's January 8, 2024 Order to the Third Circuit, and the Third Circuit dismissed the appeal for lack of jurisdiction on May 3, 2024.[1] (*See* Certified Order (citing *Siers v. Morrash*, 700 F.2d 113, 114-15 (3d Cir. 1983) ("To be a 'final' order of the district court within the meaning of section 1291, the magistrate's decision

---

[1] The Third Circuit further cautioned that, to the extent Plaintiff continues to bring repetitive and/or meritless challenges in the instant proceeding, she may face "filing restrictions and/or other sanctions, including monetary penalties[.]" (Certified Order 2, ECF No. 110.)

must have been reviewed by the district court, which retains ultimate decision-making power."); *Prater v. Dep't of Corr.*, 76 F.4th 184, 201-03 (3d Cir. 2023) (explaining that an appeals court must dismiss a jurisdictionally defective appeal of a magistrate judge's order)).)

While Plaintiff's Third Circuit appeal was pending, Plaintiff filed an appeal of Judge Arpert's January 8, 2024 Order to this Court. (ECF No. 107.) As Plaintiff's appeal is both procedurally improper and moot, the appeal (ECF No. 107) must be denied. The Third Circuit summarily affirmed, on two separate occasions, the Orders of Hon. Freda L. Wolfson, U.S.D.J. (ret.) denying Plaintiff's motion to reopen this case pursuant to Federal Rule of Civil Procedure 60(b). (*See* ECF Nos. 79, 97.) *See Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336 (3d Cir. 1982) ("[W]hen reviewing a Rule 60(b) motion brought following an appeal, district courts are 'without jurisdiction to alter the mandate of [the Court of Appeals] on the basis of matters included or includable in [the party's] prior appeal."); *see also Boldrini v. Wilson*, No. 11-1771, 2014 WL 807192, at *2 (M.D. Pa. Feb. 28, 2014), *aff'd*, 609 F. App'x 721 (3d Cir. 2015) (noting that "[b]ecause this matter was presented on appeal, the Court lacks jurisdiction to alter the Third Circuit's mandate.").

Here, Plaintiff's motion to amend the case caption is nothing more than an attempt to circumvent the previous dismissals of this case. Judge Arpert's recognition that the matter is closed and there is no reason why the case caption should be amended was, therefore, entirely appropriate.

**IT IS, THEREFORE,** on this 11th day of June 2024, **ORDERED** that:

1. Plaintiff's appeal of Judge Arpert's January 8, 2024 Order (ECF No. 107) is **DENIED**.

2. The Clerk shall reopen this matter for consideration of Plaintiff's appeal of Judge Arpert's January 8, 2024 Order (ECF No. 107).

3. The Clerk shall close this case.

　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　**MICHAEL A. SHIPP**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**